IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03001-BNB

WAYMON PAUL HERRINGTON,

     Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Waymon Paul Herrington, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The court must construe the application liberally because Mr. Herrington is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Herrington will be ordered to file an amended pleading if he wishes to pursue any claims in this action.

The court has reviewed the application and finds that it is deficient.  First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  It appears that Mr. Herrington currently is incarcerated at the Colorado State Penitentiary.  Therefore, he should name as a Respondent the warden of that facility.

More importantly, the court also finds that the application is deficient because Mr. Herrington fails to provide a clear statement of the claims he is asserting in this action. For one thing, it is not clear whether the claims Mr. Herrington is asserting are federal constitutional claims. Review under 28 U.S.C. § 2254 is limited to alleged violations of federal law. *See* 28 U.S.C. § 2254(a); *Davis v. Workman*, 695 F.3d 1060, 1078 (10th Cir. 2012). In addition, even assuming Mr. Herrington is asserting federal constitutional claims, he fails to allege specific facts in support of each claim showing that his federal constitutional rights have been violated.

For these reasons, Mr. Herrington will be directed to file an amended pleading. Mr. Herrington must name proper Respondents and, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must identify the specific federal constitutional claims he is asserting and the specific factual allegations that support each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Herrington file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Herrington shall obtain the court-approved

2

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Herrington fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 4, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3